**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| WILLIAM BURNETT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>MUTUAL OF OMAHA MORTGAGE,<br><br>*Defendant.* | CASE NO. 7:26-cv-00241-D-BM |

**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Mutual of Omaha Mortgage, Inc. ("Defendant") hereby submits its Amended Answer and Affirmative Defenses to the Complaint filed by Plaintiff William Burnett ("Plaintiff"), and states as follows:

Defendant denies any allegation and/or inference that it has violated the Telephone Consumer Protection Act and further denies that Plaintiff is entitled to any relief against Defendant in this action. Defendant also denies any and all allegations of wrongdoing and Plaintiff's self-serving characterization of the alleged conduct of Defendant contained in Plaintiff's introductory, unnumbered paragraph of the Complaint and demands strict proof thereof.

**PARTIES[1]**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies the same.

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. But Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein. Nor does Defendant waive any right to object to those characterizations.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted that Plaintiff purports to assert a claim under the TCPA and that this Court has federal-question jurisdiction under 28 U.S.C. § 1331 over claims arising under the TCPA. For the avoidance of doubt, Defendant denies that Plaintiff has suffered any concrete injury, denies that Plaintiff has Article III standing, and denies that Defendant violated the TCPA.

4. Defendant admits only that it conducts business in the State of North Carolina. Defendant denies that this Court has general personal jurisdiction over Defendant and denies that the conduct alleged was wrongful or was directed into this District sufficient to confer specific personal jurisdiction. Defendant also lacks knowledge or information sufficient to form a belief as to whether Plaintiff resides in this District and therefore denies the same.

## INTRODUCTION

5. Defendant admits that Plaintiff quotes *Barr* accurately. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 5 and therefore denies the same.

6. Defendant admits that Plaintiff quotes the legislative history accurately. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 6 and therefore denies the same.

7. Defendant admits that Plaintiff quotes the administrative findings accurately. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 7 and therefore denies the same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 8 and therefore denies the same.

9. Defendant admits that Plaintiff quotes the third-party website accurately. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 9 and therefore denies the same.

10. Defendant admits that Plaintiff quotes the FCC website accurately. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 10 and therefore denies the same.

11. Defendant admits that Plaintiff quotes the third-party statement accurately. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 11 and therefore denies the same.

12. Defendant admits that Plaintiff quotes the FTC accurately. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 12 and therefore denies the same.

**COMMON ALLEGATIONS**

13. Defendant admits that it offers reverse-mortgage lending products and that it does business throughout the U.S., but denies Plaintiff's characterization that it is solely a "reverse mortgage lender" because it offers a full suite of traditional home financing products.

14. Defendant admits that, as part of its business, it may place calls to consumers. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 14 about "Plaintiff's experience" and therefore denies the same.

15. Admitted.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 and therefore denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations contained in paragraph 17 and therefore denies the same.

18. Defendant admits that Plaintiff seeks injunctive relief and statutory damages. Defendant denies the remaining allegations in paragraph 18 that it has violated the TCPA, that Plaintiff is entitled to any injunctive relief or statutory damages or costs, and that any Class can be certified.

**PLAINTIFF BURNETT'S ALLEGATIONS**

19. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 19 and therefore denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 20 and therefore denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 21, including that the listed calls were "unsolicited," and therefore denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 22, including that the listed calls were "unsolicited" or "pre-recorded," and therefore denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 23 and therefore denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 24 and therefore denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 25 and therefore denies the same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the

accuracy of the allegations contained in paragraph 26 and therefore denies the same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 27 and therefore denies the same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 28 and therefore denies the same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 29 and therefore denies the same.

30. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 30 and therefore denies the same.

31. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 31 and therefore denies the same.

32. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 32 and therefore denies the same.

33. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 33 and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 34 and therefore denies the same.

35. Defendant admits that Plaintiff purports to have sent a letter dated February 5, 2026 to James Blackledge. Defendant avers that James Blackledge is the Chairman and CEO of Mutual of Omaha, a separate corporate entity that is not the Defendant in this action, and that Defendant Mutual of Omaha Mortgage, Inc. is a distinct company with its own officers and directors. Defendant denies that it received the letter and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, including whether any such

letter was sent or received, and therefore denies the same.

36. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 36 and therefore denies the same.

37. Defendant admits that Plaintiff purports to have caused an email to be sent to Mutual of Omaha on March 10, 2026. Defendant avers that Mutual of Omaha is a separate corporate entity that is not the Defendant in this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, including whether any such email was sent to or received by Defendant, and therefore denies the same.

38. Denied.

39. Denied.

40. Defendant admits that Plaintiff has brought this suit under the TCPA and seeks to represent himself and a Class. Defendant denies the remaining allegations in paragraph 40.

## CLASS ALLEGATIONS

41. Defendant admits that Plaintiff has asserted this suit as a putative class action and that Plaintiff seeks to represent the class described above. Defendant denies that any such classes of persons exist or that Plaintiff is a member of any class of similarly situated persons, as described or otherwise, with respect to the events alleged in the Complaint. Defendant denies that any class should be certified, denies any allegation and/or inference that Defendant has violated the TCPA, and denies that Plaintiff and the putative class members are entitled to any relief whatsoever in this action.

42. Defendant admits that the individuals enumerated in paragraph 42 are generally excluded from any proposed class. Defendant denies that any such class of persons exists or that Plaintiff is a member of any class of similarly situated persons, as described or otherwise, with

respect to the events alleged in the Complaint. Defendant denies that any class should be certified, denies any allegation and/or inference that Defendant has violated the TCPA, and denies that Plaintiff and the putative class members are entitled to any relief whatsoever in this action.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Burnett and the Pre-Recorded/Artificial Voice No Consent Class)**

47. Defendant incorporates by reference its responses to paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

**PRAYER FOR RELIEF**

Defendant admits that Plaintiff prays for the relief above. Defendant denies that Plaintiff and the putative class members are entitled to any relief whatsoever against Defendant in this action, including, without limitation, the relief sought in subparts (a) through (e) of Plaintiff's Prayer for Relief.

**JURY DEMAND**

Defendant admits that Plaintiff requests a jury trial.

**GENERAL DENIAL**

Defendant denies all allegations set forth in the Complaint that are not specifically admitted

in this Answer.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

**First Affirmative Defense**
**(Failure to State a Cause of Action)**

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to show that any communications allegedly received were those for which the called party is charged as required by the TCPA.

**Second Affirmative Defense**
**(Prior Express Consent/Prior Express Invitation or Permission)**

Plaintiff and the putative class members are barred from asserting claims in whole or in part to the extent the communications at issue were made with prior express permission and/or prior express consent.

**Third Affirmative Defense**
**(One Call)**

Any and all Do-Not-Call related claims brought in the Complaint are barred in whole or in part to the extent Plaintiff or any putative class member did not receive more than one telephone call within any 12-month period by or on behalf of Defendant.

**Fourth Affirmative Defense**
**(Arbitration and Class Waiver)**

Plaintiff and the putative class members are barred from asserting claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate

their disputes on an individual (non-class) basis, depriving this Court of jurisdiction over such claims, and rendering venue in this Court improper.

**Fifth Affirmative Defense**
**(Acquiescence, Estoppel, Waiver, and Unclean Hands)**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, and/or unclean hands. For example, Plaintiff cannot assert claims to the extent they arise from his own misconduct or wrongdoing. As a further example, Plaintiff cannot assert claims under the TCPA if he acted in bad faith by providing the subject number referenced in the Complaint to receive communications from Defendant.

**Sixth Affirmative Defense**
**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

**Seventh Affirmative Defense**
**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

**Eighth Affirmative Defense**
**(No Knowing or Willful Misconduct)**

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

**Ninth Affirmative Defense**
**(No Proximate Cause)**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties or Plaintiff proximately caused any alleged damages, injuries, or violations at issue.

**Tenth Affirmative Defense**
**(No Standing)**

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant, under *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016), *as revised* (May 24, 2016), and to the extent any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant.

**Eleventh Affirmative Defense**
**(Good Faith)**

Any and all claims brought in the Complaint are barred because the caller possessed a good faith belief that it had consent to call the number at issue.

**Twelfth Affirmative Defense**
**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held liable for it. Defendant's liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to those third parties and/or Plaintiff.

**Thirteenth Affirmative Defense**
**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate

remedy at law. For example, the TCPA provides for statutory penalties of $500 per call, or monetary compensation for actual damages.

**Fourteenth Affirmative Defense**
**(First Amendment)**

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny. *See Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 618 (2020) ("Content-based laws are subject to strict scrutiny.").

**Fifteenth Affirmative Defense**
**(Due Process)**

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

**Sixteenth Affirmative Defense**
**(Lack of Personal Jurisdiction and Improper Venue)**

Plaintiff and the putative class members (if any) are barred from asserting claims in this jurisdiction because the Court lacks personal jurisdiction and venue is improper, including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 582 U.S. 255 (2017).

**Seventeenth Affirmative Defense**
**(No Authorization to Make Calls)**

Defendant is not liable to the extent the alleged subject calls were not made by Defendant, nor authorized to be made on its behalf.

**Eighteenth Affirmative Defense**
**(No Charge)**

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

**Nineteenth Affirmative Defense**
**(Hobbs Act/FCC Exceeding Delegated Authority)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder. Plaintiff's TCPA claim is also barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

**Twentieth Affirmative Defense**
**(Class Action Deficiencies)**

Plaintiff cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23 and therefore cannot maintain this action as a class action. Further, Defendant gives notice that, in the event that this Court certifies a class, which Defendant denies would be appropriate, Defendant reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

**Twenty-First Affirmative Defense**
**(Reassigned or Incorrect Number)**

Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent any communication was directed to a person who had provided consent, but the telephone number was later reassigned, transferred, incorrectly entered, or used by another person. Defendant further preserves all defenses arising from its reasonable reliance on information identifying the intended recipient, subscriber, or user associated with the number at issue.

**Twenty-Second Affirmative Defense**
**(Established or Existing Business Relationship)**

Any and all TCPA claims brought in the Complaint are barred in whole or in part by Plaintiff's or the putative class member's established business relationships with the caller, to the extent one existed.

**Twenty-Third Affirmative Defense**
**(Residential Number)**

Plaintiff's claims are barred to the extent his number or putative class members' numbers are not residential.

**Twenty-Fourth Affirmative Defense**
**(Reasonable Practices and Procedures)**

Any and all TCPA claims brought in the Complaint are barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations.

**Twenty-Fifth Affirmative Defense**
**(Substantial Compliance)**

Defendant is not liable to Plaintiff (or the putative classes) because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

**Twenty-Sixth Affirmative Defense**
**(Bona Fide Error)**

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which Defendant denies), any such violation was not intentional and resulted from a bona fide error.

**Twenty-Seventh Affirmative Defense**
**(Reservation of Right to Assert Further Defenses)**

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint, and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award costs and reasonable attorneys' fees to Defendant;

4. For such other relief as the Court deems just and proper.

Dated: August 14, 2026.

Respectfully submitted,

*/s/ Melanie Ng Silva*
Melanie Ng Silva, State Bar No. 59016
mngsilva@wtlaw.com
**WATSTEIN TEREPKA LLP**
218 Northwest 24th Street 3rd Floor
Miami, FL 33127
Telephone: (404) 600-1240
Facsimile: (404) 537-1650

Ryan D. Watstein (special appearance)
ryan@wtlaw.com
Oyinkansola Y. Muraina*
omuraina@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 418-8307
Facsimile: (404) 537-1650

Nathaniel Haas*
nhaas@wtlaw.com
**WATSTEIN TEREPKA LLP**
515 Flower Street 19th Floor
Los Angeles, California 90071
Telephone: (213) 526-1880
Facsimile: (404) 537-1650

* *forthcoming* special appearance

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August 2026, I have electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants.

*/s/ Melanie Ng Silva*
Melanie Ng Silva